**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| DANNY G. PEARMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 1:08-CV-219-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her applications for benefits under Title XVI of the

Act, 42 U.S.C. §§ 1381 *et seq*, Danny G. Pearman ("Pearman") received a hearing before an

administrative law judge ("ALJ") who rendered an unfavorable decision.  When the Appeals

Council rejected review of this decision, it became the final decision of the Commissioner

of Social Security ("Commissioner").  Judicial review proceeds pursuant to 42 U.S.C. §§

405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court

REMANDS this case to the Commissioner.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited.    The

court cannot conduct a *de novo* review or substitute its own judgment for that of the

Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982).  This court must find

the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied."  *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir.

1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Davis, age 45 at the time of the hearing conducted on June 28, 2007, obtained his GED and attended college for approximately two years. Davis's past relevant work

included employment as a welder.[1]  On October 30, 2005, Pearman underwent emergency surgery to remove part of his colon and has since used a colostomy bag.  Pearman testified sweat and any physical activity can cause his bag to become loose, and that the seal had broken the previous day while he was cooking.[2]  In explaining that his loose bag is a biohazard for people around him and an infection risk to himself, Pearman said it is the primary reason he cannot work.[3]

Pearman also testified a surgical procedure can remove his dependence upon a colostomy bag, but he cannot afford the surgery.[4]  A note from Pearman's surgeon, Dr. Charles Carpenter, confirms Pearman has not paid his previous balance due his office, and he will not perform the surgery until payment is received.[5]  A physical capacities review by the state Disability Determination Service (DDS) found Pearman could perform medium work with no postural or environmental limitations.[6]  DDS also found the residual effects of Pearman's surgery were not a lasting condition, and he was able to care for personal needs, could cook and prepare meals, and perform light chores.[7]

---

[1]R. at 19.

[2]R. at 199-200, 202.

[3]R. at 201-02, 199.

[4]R. at 207-09.

[5]R. at 187.

[6]R. at 180-81, 83.

[7]R. at 184.

The ALJ's decision adopted the findings of the DDS review and concluded Pearman became capable performing his past work as an electrician's helper within 12 months of his surgery.[8]  His decision noted Pearman had not discussed his bag problems with Dr. Carpenter, and found no medical evidence to support a claim for disability.[9]  The ALJ did not set forth any credibility findings regarding Pearman's testimony about problems with his bag.  This finding that Pearman is able to work rendered him ineligible for disability benefits under the Act, and this judicial review followed.

## III.  ISSUE

Pearman raises a single issue for judicial review:

1.      Whether the ALJ failed to follow the sequential evaluation process.

## IV.  DISCUSSION

**The ALJ did not properly consider the impact of Pearman's nonexertional limitations on his ability to perform past work.**

Pearman argues the ALJ failed to follow the sequential evaluation process set forth in 20 C.F.R. § 416.920(a).  The Commissioner argues the ALJ followed governing regulations, and that Pearman failed to demonstrate he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment.

The sequential evaluation process set forth in agency regulations is mandatory in social security disability cases.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir.

---

[8]R. at 20.

[9]R. at 20.

2004) (discussing sequential evaluation set forth at 20 C.F.R. § 404.1520).  The ALJ must

determine, in sequence,

1.  Is the individual performing substantial gainful activity;

2.  Does he have a severe impairment;

3.  Does he have a severe impairment that meets or equals an impairment

specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4.  Can he perform his past relevant work; and

5.  Based on his age, education, and work experience, can he perform other

work of the sort found in the national economy.

*See* 20 C.F.R. § 416.920(a).  The ALJ found Pearman had not engaged in substantial

gainful activity since his surgery on October 30, 2005.  Noting medical evidence of

Pearman's colostomy procedure and dependence upon a colostomy bag, he found

Pearman had not presented evidence of any impairment or combination of impairments

that precluded his return to past work, and therefore, was not disabled under the Act.[10]

Pearman testified his bag was prone to become loose if he became sweaty, and

these situations posed risks for himself and those around him.  The ALJ did not make any

credibility findings concerning this testimony, and concluded Pearman did not have any

medical impairment that impeded his return to work.  The Court's research on problems

associated with colostomy bags has revealed that sweaty skin and humid conditions are

---

[10]R. at 20-21.

indeed factors which affect the seal on a bag.  *See* Colostomy Guide, American Cancer

Society, available at www.cancer.org.   This information lends credibility to Pearman's

testimony concerning problems with the bag, as he resides in a humid climate and the

hearing was conducted in late June.  The DDS report concerning Pearman's physical

capacity for work, adopted by the ALJ, found there were no environmental limitations,

such as wetness or humidity, on Pearman's ability to work.[11]  The Court finds these

conditions are relevant to Pearman's claims, and should have been considered in

determining Pearman's ability to perform work in the construction trades.  Such work is

generally performed outdoors, and sweat and humidity would be virtually unavoidable in

South Alabama.  In addition, the time Pearman must spend tending a loosened bag should

itself receive consideration as a nonexertional limitation upon his ability to perform work.

*See Wiley v. Astrue*, 06-4901-RDR, 2008 WL 110892, at *5 n.3 (D. Kan. Jan. 7, 2008).

None of these factors were considered by the ALJ.  The Court's findings lead it to

conclude the ALJ performed the required sequential evaluation, but the process was

flawed due to dependence upon the DDS report.  Consequently, the adopted finding that

Pearman's return to past work was not hindered by environmental conditions or any

nonexertional limitation requires additional review.  The record does not demonstrate

whether Pearman is able to perform some other occupation which permits him to avoid

the problems associated with sweat and/or humidity, and if so, whether his testimony

---

[11]R. at 183.

regarding very limited physical movement is credible.  Therefore, the court believes a remand is appropriate to further develop the record.

### V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the case should be remanded so that Plaintiff may take advantage of the agency's assistance in securing her medical records, if available, and the Commissioner may continue review as appropriate.  It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED and REMANDED**.

Done this 30th day of October, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE